1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARIUS DE'MON LAKE,                          No.  2:23-cv-1306 AC P

12                  Plaintiff,

13          v.                                     ORDER

14   A. OBOYLE, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   I.     Application to Proceed In Forma Pauperis

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF Nos. 2, 7.  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                    1

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3      II.      Statutory Screening of Prisoner Complaints

4         The court is required to screen complaints brought by prisoners seeking relief against "a

5   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

6   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16   Franklin, 745 F.2d at 1227-28 (citations omitted).

17         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

27   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28   ////

2

1   cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable for the

7   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

8   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12      III.    The First Amended Complaint

13      The first amended complaint[1] alleges that defendants Bustamante, Rutledge, and Oboyle

14  violated plaintiff's constitutional rights and state law. ECF No. 4. Plaintiff alleges that he was

15  assaulted on July 7, 2022, and the responding nurse released him to defendants to be escorted to

16  the treatment and triage area, but defendants retaliated against him and refused to take him. Id. at

17  3. Bustamante, who is a sergeant, then documented that plaintiff had no serious medical need

18  even though medical had determined that he required treatment. Id. at 3-4.

19      IV.     Failure to State a Claim

20          A.  Deliberate Indifference

21      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

22  must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

23  1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff

24  to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

25  _____

26  [1] On July 5, 2023, the court received two complaints from plaintiff making substantially similar
    claims, which were opened as two separate actions. Due to the duplicative nature of the claims,
27  the second-filed action was closed and the complaint in that action was filed as a first amended
    complaint in this action due to the addition of a defendant. See Lake v. Bustamonte, No. 2:23-cv-
28  1310 TLN DB (E.D. Cal.), ECF No. 6.

                                        3

1    could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

2    (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal

3    quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

4    Deliberate indifference is established only where the defendant *subjectively* "knows of and

5    disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057

6    (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate

7    indifference "may appear when prison officials deny, delay or intentionally interfere with medical

8    treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted).

9         Although plaintiff alleges that defendants refused to take him to the treatment and triage

10   area after the nurse determined he needed further treatment, he does not identify which

11   defendants refused to escort him.  It is also unclear whether plaintiff is alleging that Bustamante

12   was covering up for his subordinates after the fact or that the report Bustamante wrote further

13   delayed plaintiff from obtaining treatment.  Plaintiff can only state a claim against Bustamante if

14   he was actually involved in denying or delaying plaintiff's medical treatment; being a supervisor

15   is not sufficient to make him liable for his subordinates' actions.  See Barren v. Harrington, 152

16   F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal

17   involvement of the defendant." (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)));

18   Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability

19   under section 1983." (citation omitted)).

20        B.  Retaliation

21        In order to state a claim for retaliation, plaintiff must allege facts showing that the

22   defendants took adverse action against him and that they were motivated to do so by plaintiff'

23   protected conduct.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citation omitted).

24   Although plaintiff alleges that defendants' conduct was retaliatory, there are no facts identifying

25   the protected conduct plaintiff engaged in or demonstrating that any defendant was motivated by

26   plaintiff's protected conduct.  Plaintiff has therefore failed to state a claim for retaliation against

27   any defendant.

28   ////

1      C.  State Law Claims

2          To the extent plaintiff is attempting to bring a state tort claim, he fails to state a claim for

3  relief because he has not alleged compliance with the Government Claims Act.  See State v.

4  Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely

5  presentation of a claim under the Government Claims Act is an element of the cause of action and

6  must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any

7  office, officer, department, division, bureau, board, commission or agency of the State claims

8  against which are paid by warrants drawn by the Controller").

9      V.      Leave to Amend

10         The complaint does not state any cognizable claims for relief and plaintiff will be given an

11  opportunity to file an amended complaint.  If plaintiff chooses to file an amended complaint, he

12  must demonstrate how the conditions about which he complains resulted in a deprivation of his

13  constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also

14  allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs.

15  Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

16  unless there is some affirmative link or connection between a defendant's actions and the claimed

17  deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

18  conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

19  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

20         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

21  his amended complaint complete.  Local Rule 220 requires that an amended complaint be

22  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

23  amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

24  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

25  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

26  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

27  any previous complaints no longer serve any function in the case.  Therefore, in an amended

28  ////

5

1  complaint, as in an original complaint, each claim and the involvement of each defendant must be

2  sufficiently alleged.

3  VI.     Motions for Summary Judgment and Discovery

4          Plaintiff has filed motions for summary judgment and discovery.  ECF Nos. 8, 9.  The

5  court has not yet ordered service of the complaint and plaintiff's motions are therefore premature.

6  A discovery and scheduling order that sets the schedule for discovery and dispositive motions in

7  this case will issue after defendants are served and answer the complaint.  Plaintiff's motion for

8  summary judgment is also procedurally defective because it does not comply with the

9  requirements of Federal Rule of Civil Procedure 56 or Local Rule 260.

10  VII.    Plain Language Summary of this Order for a Pro Se Litigant

11         Your request to proceed in forma pauperis is granted.  That means you do not have to pay

12  the entire filing fee now.  You will pay it over time, out of your trust account.

13         Your complaint will not be served because the facts you alleged are not enough to state a

14  claim.  You need to explain what each defendant did or did not do that violated your rights.  If

15  you are claiming defendants retaliated against you, you must explain what you did that they

16  believe they were retaliating against you for and why you believe that was the reason they

17  interfered with your medical care.

18         You may amend your complaint to try to fix these problems.  Be sure to provide facts that

19  show exactly what each defendant did to violate your rights or to cause a violation of your rights.

20         If you choose to file an amended complaint, it must include all claims you want to bring.

21  Once an amended complaint is filed, the court will not look at any information in the original

22  complaint.  **Any claims and information not in the amended complaint will not be**

23  **considered.**

24         In accordance with the above, IT IS HEREBY ORDERED that:

25         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

26         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

27  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

28  ////

1    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

2    appropriate agency filed concurrently herewith.

3          3.   Plaintiff's motion for summary judgment (ECF No. 8) is DENIED as premature and

4    without prejudice to a motion in the proper form.

5          4.   Plaintiff's motion for discovery (ECF No. 9) is DENIED as premature.

6          5.   Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

7    U.S.C. § 1915A, and will not be served.

8          6.   Within thirty days from the date of service of this order, plaintiff may file an amended

9    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

10    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

11    number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an

12    amended complaint in accordance with this order will result in a recommendation that this action

13    be dismissed.

14          7.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

15    form used in this district.

16    DATED: November 13, 2023

17

ALLISON CLAIRE
18
UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28